UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases. _____/ | Judith E. Levy United States District Judge |

This Order Relates To:

Williamson v. Garland, *et al.*,
Case No. 20-10330

_____/

**CORRECTED OPINION AND ORDER DENYING WITHOUT PREJUDICE CITY OF FLINT DEFENDANTS' MOTIONS TO DISMISS [45], DENYING AS MOOT LAN'S MOTION TO DISMISS [36], AND GRANTING IN PART AND DENYING IN PART LAN'S AMENDED MOTION TO DISMISS [38] AND <u>LAD'S MOTION TO DISMISS [37]</u>**

This is one of the many cases that are collectively referred to as the Flint Water Cases. Plaintiffs allege that Defendants, a combination of private and public individuals and entities, set in motion a chain of events that led to bacteria and lead leaching into the City of Flint's drinking water. Plaintiffs in the various Flint Water Cases claim that Defendants subsequently concealed, ignored, or downplayed the risks that arose from their conduct, causing them serious harm. These

plaintiffs contend that the impact of what has since been called the Flint Water Crisis is still with them and continues to cause them problems.

The Plaintiffs in this case are Gladys Williamson and twenty-five other individuals, including minor children ("Plaintiffs"). (ECF No. 34-1, PageID.156.) Defendants are: (1) Veolia North America, Inc., Veolia North America, LLC, and Veolia Water North America Operatizing Services, LLC (together, "VNA")[1]; (2) Lockwood, Andrews & Newnam, Inc. and Lockwood, Andrews & Newnam, P.C. (together, "LAN"); (3) Leo A. Daly Company ("LAD"); (4) the City of Flint, Darnell Earley, Gerald Ambrose, Howard Croft, Michael Glasgow, and Daugherty Johnson (collectively "City Defendants"); (5) former Governor Richard D. Snyder,[2] Andy Dillon, Stephen Busch, Patrick Cook, Michael Prysby, Bradley Wurfel, and Adam Rosenthal (collectively, the "State of Michigan Defendants"); and (6) Rowe Professional Services Company, f/k/a Rowe

---

[1] On February 27, 2021, all of the adult Plaintiffs stipulated to VNA's dismissal without prejudice. (ECF No. 64.)

[2] Plaintiffs do not specify whether they sue former Governor Snyder in his official or individual capacity. To the extent that Plaintiffs' claims are against Governor Snyder in his official capacity, the claims are now against Governor Gretchen Whitmer. *See* Fed. R. Civ. P. 25(d). But for consistency, the Court will refer to Governor Snyder.

Engineering, Inc.[3] (ECF No. 34.) In previous Flint Water decisions, the Court has set forth descriptions of each of these Defendants and adopts those descriptions as if fully set forth here. *See, In re Flint Water Cases*, 384 F. Supp. 3d 802, 824–825 (E.D. Mich. 2019).

In August 2020, the putative class Plaintiffs and individual Plaintiffs in the Flint Water Cases reached a proposed settlement with State of Michigan Defendants for $600 million. In October 2020, the same Plaintiffs and the City Defendants agreed to a $20,000,000 proposed settlement.[4]

Because of the progress toward a partial settlement, the Court granted a stay of proceedings in the Flint Water Cases involving the settling Defendants (*Carthan v. Snyder*, No. 16-10444, ECF Nos. 1323; 1324; 1353). The Court preliminarily approved the partial settlement on January 21, 2021. (*Id.* at ECF No. 1399.) The proposed settlement is still subject to final approval by the Court.

---

[3] Rowe did not respond to the operative complaint. However, Rowe is a party to the proposed settlement, and for the reasons set forth herein, the Court need not address this omission at this time.

[4] Other Defendants to the settlement include McLaren Health Care Corporation, Regional Medical Center, and McLaren Flint Hospital, which are not Defendants in this case.

3

Plaintiffs and other qualifying individuals in the Flint Water Cases have until March 29, 2021 to decide whether to participate in the settlement. If Plaintiffs decide to participate and if the Court grants final approval of the settlement, then, in consideration for a monetary award, Plaintiffs' claims against the settling Defendants will be dismissed.

Accordingly, and pursuant to the stay, the Court denies without prejudice the City Defendants' pending motion to dismiss.[5] (ECF No. 45.) If any adult Plaintiffs in this case proceed with their litigation against the City, the City may re-file its motions to dismiss pursuant to the schedule and requirements set forth in the Master Settlement Agreement ("MSA"). The processes and procedures for minor Plaintiffs who choose not to participate in the settlement are set forth in the MSA and further described in the Court's preliminary approval order. (ECF No. 1399; *see* MSA, ECF No. 1319-1.)

---

[5] On February 12, 2021, the Court denied without prejudice State of Michigan Defendants' motion to dismiss as moot pending final approval the settlement. (ECF No. 63.) The same rules governing refiling set forth above related to City Defendants apply equally to State of Michigan Defendants.

This leaves the following motions for determination: LAN's amended motion[6] (ECF No. 38) and LAD's motion (ECF No. 37). For the reasons set forth below, LAN and LAD's motions are granted in part and denied in part.

## I. Prior Precedent in the Flint Water Cases

This Court has previously adjudicated other motions to dismiss in the Flint Water Cases and will rely upon them as appropriate in this case. *See Guertin v. Michigan*, No. 16-12412, 2017 WL 2418007 (E.D. Mich. June 5, 2017); *Carthan v. Snyder*, 329 F. Supp. 3d 369 (E.D. Mich. 2018); *Carthan v. Snyder*, 384 F. Supp. 3d 802 (E.D. Mich. 2019); and *Walters v. City of Flint*, No. 17-10164, 2019 WL 3530874 (E.D. Mich. Aug. 2, 2019); *Marble v. Snyder*, 453 F. Supp. 3d 970 (E.D. Mich. 2020), *Brown v. Snyder*, No. 18-10726, 2020 WL 1503256 (E.D. Mich. Mar. 27, 2020) and *Bacon v. Snyder*, No. 18-10348, 2020 WL 6218787 (E.D. Mich. Oct. 22, 2020).

---

[6] LAN filed a motion to dismiss on June 16, 2020 (ECF No. 36) and later that same day filed an amended motion to dismiss, which contained deletions of track changes contained in its first-filed motion. (ECF No. 38.) The Court denies LAN's first-filed motion to dismiss as moot. (ECF No. 36.)

The Flint Water Cases have also produced several Sixth Circuit opinions. These are binding on this Court and include *Carthan v. Earley*, 960 F.3d 303 (6th Cir. 2020); *Walters v. Flint*, No. 17-10164, 2019 WL 3530874 (6th Cir. August 2, 2019); *Guertin v. Michigan*, 912 F.3d 907 (6th Cir. 2019); *Boler v. Earley*, 865 F.3d 391 (6th Cir. 2017); and *Mays v. City of Flint*, 871 F.3d 437 (6th Cir. 2017).

## II. Procedural History and Background

### A. The Master Complaint

As the number of Flint Water Cases increased over the years, the Court entered case management orders to manage the litigation. For example, on January 23, 2018, it appointed and then directed Co-Liaison Counsel for the individual Plaintiffs to file a Master Complaint that would apply to all pending and future non-class action cases. (*Carthan*, No. 16-10444, ECF No. 347.) The Master Complaint was filed in *Walters*. (*Walters*, No. 17-10164, ECF No. 185-2.)

The attorneys in each of the individual cases were then ordered to file a Short Form Complaint to accompany the Master Complaint, adopting only the pertinent allegations from the Master Complaint as they saw fit. The Short Form Complaints also allowed for an Addendum

if any Plaintiff wished to allege a new cause of action or include additional Defendants. This would allow the Court to issue opinions consistent with *Walters* that would apply to multiple individuals, rather than to address each case in turn and cause a delay in the administration of justice.

Since one of the Plaintiffs in this case, Milton Gordon, alleges not just lead but also *legionella* exposure, the Court notes that it reached decisions in *Marble* and *Brown*, which serve as the lead *legionella* cases. Similar to *Walters*, the Court's opinions as they relate to *legionella* are consistent with *Marble* and *Brown*.

### B. Background of Plaintiff's Case Filings

Plaintiffs brought their original complaint on February 20, 2020. (ECF No. 1.) They amended their complaint twice. (ECF Nos. 8, 34.) Because this Opinion and Order adjudicates only LAN and LAD's motions, the procedural history set forth here will be limited to these two Defendants.

Plaintiffs' Short Form Complaint fully adopts the relevant facts alleged in the Master Complaint from *Walters*. (ECF No. 34, PageID.149 (citing *Walters*, No. 17-10164, ECF No. 185-2).) The Master Complaint's

7

facts, setting forth the background of the Flint Water Crisis, were summarized in this Court's opinion in *Walters* and will not be reproduced here. *Walters v. City of Flint*, No. 17-cv-10164, 2019 WL 3530874, at *4–*11 (E.D. Mich. Aug. 2, 2019). Like *Walters*, all of the Plaintiffs in this case allege lead poisoning. (ECF No. 34-1, PageID.156.) And as set forth above, one Plaintiff also alleges injuries from exposure to *legionella.*

Plaintiffs included an exhibit containing a fact-specific portion in their operative Short Form Complaint, describing their lead and *legionella* exposure. (*Id.*) They also attached a second exhibit where they set forth additional allegations against individual City and State of Michigan Defendants, which need not be described in detail when adjudicating the motions against LAD and LAN. (ECF No. 34-2.)

Plaintiffs bring claims against LAN and LAD for professional negligence and punitive damages. (*See,* ECF No. 34, PageID.613–614.)

### C. Legal Standard

When deciding a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

### III. Analysis

#### A. Professional Negligence and Punitive Damages

As set forth above, Plaintiffs allege professional negligence and punitive damages against Defendants LAN and LAD. (ECF No. 34, PageID.613–614.) Their Short Form Complaint contains no additional factual allegations against LAN or LAD. (*See,* ECF No. 34.) Accordingly, all of the facts that Plaintiffs rely on as the basis for their claims against LAD and LAD derive from the Master Complaint in *Walters*. (ECF No. 34, PageID.613–614 (citing *Walters*, No. 17-10164, ECF No. 185-2).) In

9

*Marble* and *Brown*, the Court analyzed the Master Complaint's allegations as they related to those plaintiffs' *legionella*-based claims. *See, Marble*, 453 F. Supp. 3d at 981–983, 1003–1004; *Brown*, 2020 WL 1503256, at \*4, 5–6. And here, as in *Marble* and *Brown*, the fact that one Plaintiff alleges *legionella* exposure in addition to lead exposure does not change the core analysis of Plaintiffs' claims. *Id*.

As to professional negligence, neither LAN nor LAD's motions to dismiss present any arguments that differ from the arguments they presented in *Walters*, *Marble*, or *Brown*. *See, Walters*, No. 17-10164, ECF Nos. 144, 145 (LAD and LAN's motions to dismiss); *see also*, *Marble*, 453 F. Supp. 3d at 1003–1004; *Brown*, 2020 WL 1503256, at \*5. In *Walters*, the Court denied LAN and LAD's motions to dismiss the Plaintiffs' professional negligence claims. *Walters*, 2019 WL 3530874, at \*40. LAN and LAD do not present any reasons to deviate from that Opinion and Order. Accordingly, for reasons set forth in *Walters*, LAN and LAD's motions to dismiss are denied. Plaintiffs' claims for professional negligence against LAN and LAD may continue.

As to punitive damages, in *Marble* and *Brown*, the Plaintiffs brought identical claims for punitive damages against LAN and LAD.

*See*, *Marble*, 453 F. Supp. 3d at 1010; *see also, Brown*, 2020 WL 1503256, at *16. In those cases, the Court dismissed the claims for punitive damages because the Plaintiffs in those cases acknowledged that punitive damages are not available for negligence claims. *Id*. The result here is no different. Additionally, Plaintiffs acknowledge in their response that dismissal of this claim is appropriate. (ECF No. 47, PageID.369.) Accordingly, Plaintiffs' punitive damages claims against LAN and LAD are dismissed.

LAD also moves for an order dismissing Plaintiff's claims for lack of personal jurisdiction, lack of subject matter jurisdiction, and for failure to state a cause of action. (ECF No. 37.) LAD acknowledges that the Court was presented with the same motion and arguments in *Carthan*, which the Court denied. *Carthan*, 384 F. Supp. 3d at 873; *see also*, *In re Flint Water Cases*, No. 16-10444, 2018 WL 1638758 (E.D. Mich. Apr. 5, 2018). LAD also moved to preserve similar arguments in *Walters* and in *Brown*. Because these arguments were made for preservation purposes, the Court did not address them in those cases, and the same result applies here. *See*, *Walters*, 2019 WL 3530874, at *40; *Brown*, 2020 WL 15036256, at *5, fn. 10.

## V. Conclusion

For the reasons set forth above, the City's motion is denied without prejudice, LAN's first-filed motion to dismiss is denied as moot, and LAN and LAD's motions to dismiss are granted in part and denied in part.

**IT IS SO ORDERED.**

Dated: March 24, 2021  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 24, 2021.

 s/William Barkholz
 WILLIAM BARKHOLZ
 Case Manager